UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                      Plaintiff,        Case No. 17-20184

v.                                     Judith E. Levy
                                          United States District Judge

Kevin Pearson (D-4)

                      Defendant.

_____/

**ORDER DENYING DEFENDANT KEVIN PEARSON'S MOTION FOR BOND [525]**

On May 21, 2019, pursuant to a Rule 11 plea agreement, Defendant Kevin Pearson pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 282.) Defendant admitted that he held a leadership position in the enterprise "YNS"—"Young and Scandalous" or "Young and Skantless"—a gang that engages in drug trafficking and that often uses armed and violent means to maintain control over the Brightmoor neighborhood in Detroit, Michigan. (*Id.* at PageID.1216-1218.) Defendant has been detained since May 2017, and he is scheduled to be sentenced on June 22, 2020.

On April 7, 2020, Defendant moved for revocation of bond, arguing that the danger posed to him by the COVID-19 pandemic constitutes an "exceptional reason" for release under 18 U.S.C. §§ 3143 and 3145. (ECF No. 525.) For the following reasons, Defendant's motion is DENIED.

As an initial matter, the Court acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his confinement in the Sanilac County Jail. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. Indeed, as of March 27, 2020, Michigan jails are attempting to lower their detained populations "as officials scramble to remove people thought to be at high risk of contracting the coronavirus, but little risk to the general public if they were not behind bars." James David Dickson, *Jail populations plunge in*

*Metro Detroit as coronavirus spreads*, Detroit News (March 27, 2020), khttps://www.detroitnews.com/story/news/local/macomb-county/2020/03/27/jail-populations-plunge-metro-detroit-coronavirus-spreads/2914358001/.

Defendant's case does not fit this description. Unlike many individuals currently seeking bond due to concerns about contracting COVID-19, Defendant faces mandatory pre-sentence incarceration. 18 U.S.C. § 3143(a)(2) requires the following:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition of execution of sentenced be detained unless—
>
> (A)
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*See id.* This section applies to Defendant because he pled guilty to racketeering conspiracy: an offense covered by 18 U.S.C. § 3142(f)(1) for

3

which the maximum sentence is life in prison. *See* 18 U.S.C. §§ 1963(a), 3142(f)(1)(b) (covering "an offense for which the maximum sentence is life imprisonment or death"). Additionally, this Court took Defendant's guilty plea, and determined that it was knowing, voluntary, and supported by a factual basis. Defendant would therefore have no basis for filing a motion for acquittal or for a new trial. Thus, Defendant cannot satisfy the § 3143(a)(2) requirements for post-plea release.

Nor can the Court release defendant pursuant to 18 U.S.C. § 3145(c). This provision allows a judicial officer[1] to release a post-plea defendant under two conditions: first, the defendant must "meet[] the conditions of release set forth in section 3143(a)(1) or (b)(1)"—in other words, the defendant must demonstrate "by clear and convincing evidence that the[y] are not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3145(c); § 3143. Second, the defendant must "clearly show[] that there are

---

[1] A district judge is a "judicial officer" within the meaning of 18 U.S.C. § 3145(c). *United States v. Cook*, 42 Fed. Appx. 803, 804 (6th Cir. 2002) ("Although the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, we are not convinced that it is meant to be an instruction limited to the court of appeals.")

4

exceptional reasons why such person's detention would not be appropriate." § 3145(c).

The Court need not discuss whether the COVID-19 pandemic constitutes an "exceptional reason" in this case, because Defendant cannot demonstrate that he would not pose a danger to the public if released. To this point, Defendant notes only that he "does not present a risk to the community. If he is on tether and is confined in his home . . . there will be no risk of danger to the community." (ECF No. 525, PageID.8102.) Defendant also notes that he has "proven his reliability and trustworthiness through his conduct since the beginning of this case." (*Id.*)

These statements are insufficient to demonstrate that Defendant would not pose a danger to the public if released. Though the Court is not required to consider the release factors set forth in 18 U.S.C. § 3142(g) when performing a § 3145(c) analysis, some courts have found the factors helpful in determining whether a defendant has demonstrated that he is unlikely to pose a danger to the public. *See, e.g.*, *United States v. Tolbert*, No. 3:09-CR-56, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017). These factors are: the nature and circumstance of the offense charged, the

weight of the evidence of dangerousness against the defendant, the defendant's history and characteristics, and the nature and seriousness of any danger posed to any person or the community if the defendant were to be released. 18 U.S.C. § 3142(g).

Careful consideration of these factors leads the Court to conclude that Defendant's release would pose a threat to the community, and that accordingly, Defendant is not entitled to bond. As to the first factor, § 3142(g) expresses a particular concern for underlying offenses that involve firearms and controlled substances. *Id.* Defendant's guilty plea to a drug-dealing racketeering conspiracy involves both. (ECF No. 282, PageID.1216-1217.) Specifically, Defendant pled to distributing marijuana and crack cocaine with another YNS gang member, while armed, for two years. (*Id.* at PageID.1219.) Second, as to the weight of the evidence, there is a great deal of evidence that Defendant would pose a danger to the community if released. In his guilty plea, Defendant admitted to being involved with a gang that employed—and continues to employ—violence to facilitate its control over the Brightmoor Detroit neighborhood and residents. (*Id.* at PageID.1216-1217.) Defendant also

6

admitted to being involved in at least two robberies at the direction of other members of the gang. (*Id.* at PageID.1220.)

The Court recognizes that Defendant has been cooperative since his incarceration, and the Court has no reason to believe that Defendant has been violent or otherwise posed a danger to others while imprisoned. However, the standard for dangerousness is whether Defendant would pose a danger to the community *if released*. Accordingly, because of Defendant's position of influence within the YNS gang, the potential for his return to a position of influence would constitute a danger to the community.

Though the Court is deeply concerned about Defendant's wellbeing at Sanilac County Jail during this frightening time, the Court nevertheless concludes that the evidence of Defendant's dangerousness to the public, if released, tips the balance against him. Defendant is therefore not entitled to bond. 18 U.S.C. § 1343(a).

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: April 16, 2020      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
